IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:25-cv-_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD W. GLENN and JENNIFER S. GLENN,

    Defendants.

# **COMPLAINT**

The United States of America complains and alleges as follows:

1. The United States brings this civil action against Richard W. Glenn to collect his unpaid federal income tax liabilities for the 2009 through 2013 tax years. Additionally, the United States seeks to set aside Richard Glenn's fraudulent transfers of two pieces of real property located in Palm Beach County, Florida; to enforce federal tax liens that encumber real property held by Richard Glenn and/or his nominee or transferee, Jennifer S. Glenn; to sell the property free and clear of the liens and claims of the parties to this action; and to distribute the proceeds in conformity with orders of this Court.

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States in accordance with 26 U.S.C § 7401.

16504263.1

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear the action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403.

4. Pursuant to 28 U.S.C. §§ 1391(b) and/or 1396, venue is proper in this Court because the defendants reside in, the real properties at issue (the "Subject Properties") are in, and the tax liabilities at issue accrued in, Palm Beach County, Florida.

## THE PARTIES

5. Richard Glenn is named as a party to this action because his tax liabilities are at issue in this suit. He is also the beneficial owner of a 50 percent interest in two parcels of property located in Palm Beach County, Florida, Parcel A-99 and Parcel A-100 (the "Subject Properties").

6. Richard Glenn is an attorney.

7. Richard Glenn was first admitted to the Florida Bar on or about May 19, 1978.

8. Jennifer Glenn is named as a party to this action under 26 U.S.C. § 7403(b) because she has or may claim an interest in the Subject Properties. Jennifer Glenn holds full legal and beneficial title to 50 percent interests in the Subject Properties and bare legal title to the other 50 percent interests in the Subject Properties.

9. Richard and Jennifer Glenn were married since before they purchased the Subject Properties.

10. Richard and Jennifer Glenn reside in this District on one of the Subject Properties, Parcel A-100, described below.

## THE SUBJECT PROPERTIES

11. This case involves two properties, Parcel A-99 and Parcel A-100, each described below.

12. Parcel A-100 is the defendants' primary residence, located at 16456 115th Ave North, Jupiter, Florida 33478.

13. Parcel A-99, an unimproved parcel of land adjacent to Parcel A-100, is located at 112th Drive North, Jupiter, Florida 33478.

14. The Subject Properties are more particularly described as follows:

A parcel of land lying, being and situate in Section 11, Township 41 South, Range 41 East in Palm Beach County, More particularly described as That part of the North One Half (N1/2) of the Northwest Quarter (NW1/4) of the Northwest One Quarter (NW1/4) of the Southeast One Quarter (SE1/4) of said Section 11, Lying South of the South Line of a fifty foot canal right of way, as in Plat Book 24, Page 7 of the Public Records of Palm Beach County, Florida.

15. Richard and Jennifer Glenn jointly purchased the Subject Properties on or about February 18, 1992.

16. At the time of purchase, Richard and Jennifer Glenn each held a 50 percent interest in the Subject Properties.

17. On or about April 19, 2011, Richard Glenn attempted to quit-claim his interest in the Subject Properties to Jennifer Glenn for $10.

18. On October 14, 2011, Richard Glenn executed a second quit claim deed which purported to transfer his interest in the Subject Properties to Jennifer Glenn, again for $10. The quit claim deed was recorded November 16, 2011.

### COUNT I – REDUCE RICHARD GLENN'S FEDERAL TAX ASSESSMENTS TO JUDGMENT

19. The United States incorporates by reference paragraphs 1 through 7.

20. In 2015 Richard Glenn late-filed his federal income tax returns (Forms 1040) for tax years 2009 through 2013 on each of which he reported a tax liability that he failed to pay.

21. On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury timely made assessments against Richard Glenn for the federal income tax liabilities he reported due, plus interest and statutory additions, as follows:

| TAX TYPE | TAX PERIOD | ASSESSMENT DATE | ASSESSED TAX | ASSESSED INTEREST | ASSESSED PENALTY | BALANCE DUE AS OF 04/30/2025 |
|---|---|---|---|---|---|---|
| 1040 | 2009 | 5/25/2015 | $19,205.83 | $4,232.19 | $4,801.46$^A$<br>$4,321.31$^C$ | $52,474.28 |
| 1040 | 2010 | 5/25/2015 | $16,692.35 | $2,789.58 | $4,173.09$^A$<br>$357.99$^B$<br>$3,755.78$^C$ | $45,414.30 |
| 1040 | 2011 | 5/25/2015 | $10,663.38 | $1,276.34 | $2,026.04$^A$<br>$211.11$^B$<br>$2,399.26$^C$ | $28,104.98 |
| 1040 | 2012 | 6/29/2015 | $18,231.78 | $1,527.63 | $2,461.29$^A$<br>$212.42$^B$<br>$4,102.15$^C$ | $46,511.15 |
| 1040 | 2013 | 6/8/2015 | $20,100.84 | $862.73 | $1,407.06$^A$<br>$4,522.69$^C$ | $49,505.87 |
| | | | | | **TOTAL:** | **$222,010.58** |

$^A$ Failure to Pay Penalty
$^B$ Underpayment of Estimated Tax Penalty
$^C$ Late Filing Penalty

22. On or about the dates of the assessments above a delegate of the Secretary of the Treasury gave notice to Richard Glenn of the unpaid liabilities described in paragraph 21, above, and made demand for payment pursuant to 26 U.S.C. § 6303.

23.     Despite notice and demand for payment, Richard Glenn failed to fully pay the assessed tax liabilities, or the accrued penalties and interest.

24.     Together with penalties and interest accrued through April 30, 2025, less any payments made or credits applied, Richard Glenn owes the United States $222,010.58 on account of his unpaid federal income tax liabilities for tax years 2009 through 2013. Pursuant to 26 U.S.C. §§ 6601, 6621-22, interest and statutory additions will continue to accrue until the liabilities are paid in full.

## COUNT II – ENFORCE FEDERAL TAX LIENS

25.     The United States realleges the allegations in paragraphs 1 through 24.

26.     Federal tax liens against Richard Glenn arose upon assessment of the federal income tax liabilities for the 2009 through 2013 and attached to all of Richard Glenn's property and rights to property, including the Subject Properties titled in the name of Richard Glenn's nominee. The federal tax liens can be enforced against the Subject Properties.

27.     On June 30, 2015, a delegate of the Secretary of the Treasury filed a notice of federal tax lien with the Clerk of the Court for Palm Beach County, Florida, against Richard Glenn for unpaid federal income tax labilities for the 2009 through 2011 tax years.

28.     On August 11, 2015, a delegate of the Secretary of the Treasury filed a notice of federal tax lien with the Clerk of the Court for Palm Beach County, Florida, against Richard Glenn for unpaid federal income tax liabilities for the 2012 tax year.

29.     On October 27, 2015, a delegate of the Secretary of the Treasury filed a notice of federal tax lien with the Clerk of the Court for Palm Beach County, Florida, against Richard Glenn for unpaid federal income tax liabilities for the 2013 tax year.

30.     On March 8, 2016, a delegate of the Secretary of the Treasury filed a notice of federal tax lien with the Clerk of the Court for West Palm Beach County, Florida, against

Jennifer Glenn as the nominee of Richard Glenn for his unpaid federal income tax liabilities for years including the 2009 through 2013 tax years.

31. The following facts show that Jennifer Glenn holds bare legal title to Richard Glenn's 50 percent interest in the Subject Properties as his nominee:

   a. Since the purchase of the Subject Properties through April 18, 2011, Richard Glenn has enjoyed the use of and access to the Subject Properties.

   b. After the nominal transfer of his interest in the Subject Properties to Jennifer Glenn in April or October 2011, Richard Glenn's ability to access and use the Subject Properties has not changed.

   c. Richard and Jennifer Glenn obtained a purchase money mortgage on the Subject Properties.

   d. Richard Glenn's name remained on the mortgage for the Subject Properties after the nominal transfer of his interest in the Subject Properties to Jennifer Glenn. The Glenns satisfied the mortgage.

   e. Richard Glenn continues to exercise dominion and control over the Subject Properties, notwithstanding the nominal transfer of his 50 percent interest in the Subject Properties to his wife.

   f. At the time of the transfer of the Subject Properties in April 2011 or October 2011, Richard Glenn had and knew he owed unpaid federal tax liabilities exceeding $100,000 stemming from tax years 2005, 2007, and 2008.

g. In both April 2011 and October 2011, Richard Glenn had, knew, and/or should have known that he owed federal tax liabilities for tax years 2009 and 2010.

h. Richard Glenn transferred his interest in the Subject Properties in anticipation of tax collection activities.

i. For Parcel A-99, according to Palm Beach County tax records, Richard Glenn at least three times directly paid money towards the property tax bills since 2017. He paid $4,215.35 for the 2023 property taxes for Parcel A-99 and made two payments of $11,384.71 and $10.60 for the 2017 property taxes for Parcel A-99.

j. For Parcel A-99, several entities including Richard W. Glenn P.A., Zia Tax Liens Incorporated, KC Enterprise Int, LLC, and Ripple Creek Investors of Florida, have made payments towards the property taxes since 2017. On information and belief, at least one of these entities are doing so with Richard Glenn as the source or reason for the payments.

k. Richard W. Glenn P.A., a for-profit corporation created in 1990 with the defendant Richard Glenn as the registered agent and an officer and/or director, paid $11,065.96 towards the 2020 and $6.25 towards the 2019 property taxes for Parcel A-99.

l. On information and belief, Richard Glenn continues to use Richard W. Glenn P.A. for certain activities, including paying property taxes for Parcel A-99.

  m.  For Parcel A-100, according to Palm Beach County tax records, Richard Glenn has directly paid at least one property bill since 2017. He paid $3,151.30 for the 2023 property bill for Parcel A-100.

  n.  For Parcel A-100, several entities, including Mark D. Kairalla P.A., TLGFY, LLC, Ram Tax Lien Fund LP, HMF FL E LLC, and Conache LLC, have made payments towards the property taxes since 2017. On information and belief, at least one of these entities are doing so with Richard Glenn as the source or reason for the payments.

  o.  On information and belief, Mark Kairalla is an attorney who at one point was Richard Glenn's partner in the law firm Glenn, Tittle & Kairalla, P.A, now called Tittle, Kairalla, and Logan, PL.

  p.  For Parcel A-100, Mark D. Kairalla, through his new law firm, paid $9,039.05 towards the 2021 property taxes and $6.25 towards the 2020 property taxes.

32.    Richard Glenn therefore:

  a.  Exercises dominion and control over the Subject Properties,

  b.  Transferred bare legal title of his interest in the Subject Properties in anticipation of collection activity,

  c.  Transferred bare legal title of his interest in the Subject Properties without receiving adequate consideration,

  d.  Transferred bare legal title of his interest in the Subject Properties to a close relation, his wife Jennifer Glenn, and

  e. Paid and continues to pay directly and indirectly for utilities, property taxes, and other substantial expenses associated with the Subject Properties.

33. Thus, under 26 U.S.C. § 7403(c) the United States can enforce its federal tax liens against all property and rights to property of Richard Glenn, including any property held by Richard Glenn's nominee, Jennifer Glenn.

**COUNT III – AVOIDANCE OF THE FRAUDULENT TRANSFER OF THE SUBJECT PROPERTIES UNDER THE FLORIDA UNIFORM FRAUDULENT TRANSFER ACT**

34. The United States realleges the allegations in paragraphs 1 through 32.

35. In April and October 2011, at the time in which Richard Glenn purported to transfer title in his interest in the Subject Properties, Richard Glenn had unpaid federal tax liabilities exceeding $100,000 stemming from tax years 2005, 2007, 2008, 2009, and 2010.

36. Therefore, in 2011, the United States was a present creditor as to Richard Glenn, as that term is used in the Florida Uniform Fraudulent Transfer Act ("FUFTA").

37. In April and October 2011, Richard Glenn was indebted to the United States and knew or should have known that he owed or would owe taxes for tax years 2005, 2007, 2008, 2009, and 2010 as he had not prepaid any income taxes throughout those years.

38. In 2011, Richard Glenn purportedly transferred his interest in the Subject Properties to Jennifer Glenn for $10.

39. Ten dollars was not a reasonably equivalent value for the Subject Properties.

40. Richard Glenn purportedly transferred his interest to an insider, as defined by Florida Statutes § 726.102(8)(a)(1), his wife Jennifer Glenn.

41. As discussed in paragraphs 31 and 32, above, Richard Glenn retained possession and/or control of the Subject Properties after the purported transfer was made.

42. Richard Glenn purportedly transferred his interest in the Subject Properties while he was incurring substantial debts, specifically the penalties and interests on his outstanding unpaid federal taxes that continued to accumulate.

43. Richard Glenn's history of failing to timely file federal income tax returns and make timely tax payments, resulting in several notice of federal tax liens, demonstrate he had actual intent to hinder, delay, or defraud his creditor, the United States.

44. Richard Glenn's history of failing to pay debts as they become due give rise to a presumption under FUFTA that he was insolvent. *See* Fla. Stat. § 726.103(2).

45. Thus, Richard Glenn's transfer of his interest in the Subject Properties was fraudulent under Florida Statues §§ 726.105 and 106, and the United States is entitled to avoid the transfer under Florida Statute § 726.108.

46. Although most plaintiffs would be barred from bringing claims under FUFTA by the limitations period in Florida Statutes § 726.110, the United States is not bound by this state law limitations period. *See United States v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); *Saccullo v. United States of Am.*, 913 F.3d 1010, 1016-17 (11th Cir. 2019).

WHEREFORE, the United States respectfully prays that this Court:

A. Enter judgment for the United States of America and against Richard Glenn for unpaid federal income tax liabilities in the amount of $222,010.58 as of April 30, 2025, plus interest and statutory additions as allowed by law until paid;

B. Determine and adjudge that the United States may enforce its federal tax liens that attached to Richard Glenn's property and rights to property, including the Subject

Properties held in the name of his nominee, Jennifer Glenn; order that the Subject Properties be sold according to law, free and clear of the liens and claims of all parties; and that the proceeds of the sales be distributed to the United States in accordance with the priority determined by the Court and to the extent of Richard Glenn's unpaid federal income tax liabilities, plus fees, interest, and statutory additions as provided by law;

C. In the alternative, determine and adjudge that Richard Glenn's purported transfers of his interests in the Subject Properties be set aside as fraudulent; order that the Subject Properties be sold according to law, free and clear of the liens and claims of all parties; and that the proceeds of the sales be distributed to the United States in accordance with the priority determined by the Court and to the extent of Richard Glenn's unpaid federal income tax liabilities, plus fees, interest, and statutory additions as provided by law; and

D. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires, including its costs of this action.

Dated: May 23, 2025

Respectfully submitted,

**Elizabeth N. Duncan**
ELIZABETH N. DUNCAN
Special Bar No. A5503275
Virginia Bar No. 90685
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
(202) 514-6546 (p)
(202) 514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov

Of counsel

HAYDEN P. O'BYRNE
United States Attorney
Southern District of Florida

*Counsel for Plaintiff United States of America*